CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 0 6 2009

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH EDWARD BARBOUR, Plaintiff, | Civil Action No. 7:09-cv-00083 |
| v. | MEMORANDUM OPINION |
| VIRGINIA DEPT. OF CORRECTIONS, Defendant. | By: Hon. James C. Turk Senior United States District Judge |

Plaintiff Kenneth Edward Barbour, a Virginia inmate proceeding pro se, filed a civil rights action, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Barbour complains that he does not receive weekend mail at the Wallens Ridge State Prison ("WARSP"). This matter is before the court for screening. After reviewing all of Barbour's submissions, the court dismisses the complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Barbour complains that he does not receive weekend mail at the WARSP in violation of his constitutional rights. Barbour lists nearly all the articles and amendments in the United States Constitution as the foundation of his alleged right. Barbour demands $420 for every weekend he was imprisoned and did not receive his mail, and he demands five free "block stamps" for all Virginia Department of Corrections inmates.

II.

A.

The court is required to dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard

includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotation marks omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Despite his citations to various constitutional provisions, Barbour does not establish how he has a constitutional right to receive weekend mail delivery while confined in a correctional facility. The Privileges and Immunities clause of the Fourteenth Amendment provides that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." However, the policy that prevents

mail delivery on weekends within the WARSP is not a state law, nor is a prisoner's receipt of mail on a weekend a "privilege" afforded protection under the Privileges and Immunities Clause. See Supreme Court of New Hampshire v. Piper, 470 U.S. 274, 279 (1985) (holding that only the privileges and immunities bearing on the vitality of the Nation as a single entity afford protection) (citing Baldwin v. Montana Fish & Game Comm'n, 436 U.S. 371, 388 (1978)). Furthermore, Barbour resides in a Virginia prison and, thus, cannot seek protection under the Privileges and Immunities Clause. See Goldfarb v. Supreme Court of Virginia, 766 F.2d 859, 864-65 (4th Cir. 1985) ("Goldfarb may not rely directly on the decisions because he is a Virginia resident, and the Privileges and Immunities Clause provides no security for the citizen of the State in which [the privileges] were claimed."); Hicklin v. Orbeck, 437 U.S. 518, 524, n.8 (1978) (stating "citizen" and "resident" are interchangeable terms for privileges and immunities analysis). After reviewing all of Barbour's submissions, the court dismisses the complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

III.

For the foregoing reasons, the court dismisses the complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 6th day of April, 2009.

James C. Turk
Senior United States District Judge

---

[1] Barbour also states that the not receiving weekend mail violates Virginia's constitution. However, actions brought under 42 U.S.C. § 1983 pertain to the deprivation of any rights, privileges, or immunities secured by the laws and Constitution of the United States. Accordingly, the court declines to exercise any supplemental jurisdiction over any state law claim. See 28 U.S.C. § 1367(c)(3).